**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MILWAUKEE ELECTRIC TOOL
CORPORATION,

       Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT,

       Defendants.

Case No. 26-cv-255

**PLAINTIFF'S MOTION TO SEAL**

Plaintiff Milwaukee Electric Tool Corporation, ("Plaintiff"), by and through its undersigned counsel, files this action against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint for damages and injunctive relief (collectively, "Defendants").

Plaintiff has brought this action to combat online infringers who trade upon Plaintiff's reputation and goodwill by utilizing unauthorized, unlicensed, and infringing products bearing Plaintiff's federally registered trademarks to sell and/or offer for sale various competing products (the "Infringing Products"). Defendants have offered for sale, sold, and distributed the Infringing Products within this district and throughout the United States by operating e-commerce stores using their respective Store Names and Seller Names set forth on Schedule "A" hereto (collectively, the "Seller Aliases").

As set forth below, Defendants, without authorization, are using Plaintiff's trademarks (the "MILWAUKEE Marks") to advertise, market, and promote their Infringing Products. Plaintiff has been and continues to be irreparably harmed by Defendants' infringement of Plaintiff's Trademarks and, therefore, Plaintiff seeks injunctive relief to halt such infringement and irreparable harm. Plaintiff also seeks monetary relief for the injury it has sustained and is sustaining.

Plaintiff submits this motion to file under seal the documents associated with the above referenced action including the following: (1) Plaintiff's Unredacted Complaint, (2) Schedule A to the Complaint, (3) Exhibit 1 to Plaintiff's Complaint, which contains the registrations for Plaintiff's Marks, (4) Exhibit 2 to Plaintiff's Complaint which contains screenshot printouts of the Defendants' online storefronts and infringing sales; and (5) any Orders entered by the Court on Plaintiff's Ex Parte Motion for Temporary Restraining Order Including Temporary Injunction, Temporary Asset Restraint, Order to Show Cause Why A Preliminary Injunction Should Not Issue and Expedited Discovery and related motions.

Good cause exists to file the foregoing documents under seal. Several courts, including Courts in this judicial district, have granted the requested relief in similar cases based on, *inter alia*:

i.  Defendants' control of their pseudo-anonymous e-commerce storefronts and seller aliases set forth in Schedule A to the Complaint (the "Seller Aliases") associated with the Defendants' online storefronts.

ii. Defendants' likelihood to (1) change the ownership of or modify the data and content of their Seller Aliases, (2) change payment accounts, (3) redirect consumer traffic to other

seller e-commerce storefronts, and (4) transfer assets between accounts connected to or not associated with the Seller Aliases.

iii. Defendants' likelihood to make modifications to their e-commerce storefronts and/or transfers from their accounts in a short period of time and, on information and belief, will do so immediately after receiving notification of this action.

iv. If given the opportunity, Defendants will immediately transfer and/or hide the funds and assets associated with the Seller Aliases after receiving notice of Plaintiff's Complaint unless the injunctive relief is granted through ex parte filings. If Defendants are given such opportunity, it will alter the status quo and likely eliminate the Court's ability to grant any meaningful relief to Plaintiff.

In view of the foregoing and Defendants' unlawful conduct as set forth in the Complaint, Plaintiff contends that Defendants will undoubtedly transfer and/or hide their assets rather than maintain them for discovery and recovery. *See, e.g., Jacki Easlick, LLC v. CJ Emerald, et al.,* No. 2:23-cv-02000 WSS, ECF No. 12 (W.D. Pa. Nov. 20, 2023) (granting motion to seal); *Doggie Dental Inc. v. Go Well*, No. 2:19-cv-01282-MRH, ECF No. 5 (W.D. Pa. Oct. 9, 2019) (same); *see also XYZ Corp. v. The P'Ships and Uninc. Assoc. Identified on Schedule A*, No. 1:21-cv-06471, 2022 U.S. Dist. LEXIS 10466, at *5 (N.D. Ill. Jan. 20, 2022) ("[I]n the ordinary Schedule A case, plaintiffs are routinely permitted to keep the defendants' identities under seal until the plaintiffs' inevitable requests for temporary restraining orders and asset restraints have been adjudicated (and they are nearly always granted)."); see also cases granting similar relief in Schedule A actions in this District.

Accordingly, Plaintiff respectfully requests that the filings in this action remain under seal until at least the Order on Plaintiff's Ex Parte Motion for Temporary Restraining Order Including

Temporary Injunction, Temporary Asset Restraint, Order to Show Cause Why A Preliminary Injunction Should Not Issue and Expedited Discovery is entered, or until further Order of the Court.

    A Proposed Order granting this motion is submitted herewith.

Date: February 11, 2026          Respectfully submitted,

*/s/ Keaton Smith*
Keaton Smith IL #6347736
Shengmao (Sam) Mu NY #5707021
Abby Neu IL #6327370
Ryan E. Carreon DE #7305
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (872) 294-3799
Email: ksmith@whitewoodlaw.com

*Counsel for Plaintiff*