**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Case No. 26-cv-255 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests this Court's authorization to serve process by electronically publishing a link to Plaintiff's Complaint, Temporary Restraining Order (if and when issued), and other relevant documents on a website and by sending e-mails to the e-mail addresses provided for the Defendants by third-parties that includes a link to said website. Plaintiff submits that providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

**I.    INTRODUCTION AND BACKGROUND**

Electronic service is appropriate and necessary in this case because Defendants on information and belief: (1) provide incomplete and/or false names and physical address information to conceal their location and avoid liability for their unlawful conduct; and (2) rely

primarily on electronic communications to communicate with their customers and third-party service providers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. *See* Declaration of Keaton Smith ("Smith Decl.") at ¶ 10. Authorizing service of process solely via e-mail and electronic publication will benefit all Parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

While offshore Internet store operators do not generally provide accurate physical addresses, they must provide a valid e-mail address to customers for completing payment and/or managing their Internet stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their Internet store to ensure it is functioning and to communicate with customers electronically. An investigation of the e-commerce stores identified in Schedule A to the Complaint and found that shows that few, if any, provide a complete and accurate physical address on the e-commerce store. Smith Decl. at ¶ 10.

Defendants must provide an e-mail address and physical address to domain registrars and third-party online marketplace platforms such as Amazon, Temu, Walmart and others ("Third Party Platforms") when registering their accounts and regularly use email communication with customers for completing payment and/or managing their e-commerce stores. *Id*. at ¶ 10. Since an ecommerce store operator can input any physical address, such addresses may be incomplete, false, and/or are not where the e-commerce store operator is located. *Id.* As such, even if a physical address is available, it is not reliable or the best means for providing notice to Defendants. *Id.* As

such, it is far more likely that Defendants can be served electronically rather than through traditional methods.

## II.      ELECTRONIC SERVICE OF PROCESS IS PERMITTED UNDER RULE 4(f)(3)

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. "Service pursuant to Rule 4(f)(3) is neither a last resort nor extraordinary relief," but "is merely one means among several [that] enables service of process on an international defendant." *Vanderhoef v. China Auto Logistics Inc.*, Civ. No. 18-10174 (CCC), 2019 U.S. Dist. LEXIS 205798, 2019 WL 6337908, at *2 (D.N.J. Nov. 26, 2019) (citations omitted). Thus, the plaintiff "not required to make a showing that service through ordinary channels would be futile . . . to be granted permission to effectuate service under Rule 4[(f)](3)," *United States SEC v. One Or More Unknown Traders in the Secs. of Fortress Inv. Group, LLC*, Civ. No. 17-1287 (CCC), 2018 U.S. Dist. LEXIS 167164, 2018 WL 4676043, at *7 (D.N.J. Sept. 27, 2018), and "[c]ourts can grant Rule 4(f)(3) requests even where a plaintiff does not show that the other means are unduly burdensome or impossible." *Bravetti v. Liu*, Civ. No. 12-7492 (MAS), 2013 U.S. Dist. LEXIS 175060, 2013 WL 6501740, at *3 (D.N.J. Dec. 11, 2013).

Here, Plaintiff can demonstrate that electronic service is not prohibited by international agreement and that it is reasonably calculated to give Defendants notice of these proceedings.

### A.      Electronic Service of Process is Not Prohibited by International Agreement.

The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Plaintiff has good cause to suspect the Defendants are almost all residents of China or other foreign jurisdictions. Smith Decl. at ¶ 7. According to Article 1 of the Hague Convention,

the "convention shall not apply where the address of the person to be served with the document is not known."

United States District Courts routinely permit alternative methods of service notwithstanding the applicability of the Hague Convention. *See e.g.*, *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention"); *see also In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *2 (N.D. Cal. June 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority).

The Hague Convention also does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not appear to prohibit e-mail service. *See Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*, 480 F. Supp. 3d 977, 982 (N.D. Cal. 2020) (citing cases). In addition, the law of the People's Republic of China does not appear to prohibit electronic service. *Ibid.* Thus, because the declaration to the Hague Convention filed by China does not object to email, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) (citing *Richmond Techs. Inc. v. Aumtech Bus. Solutions*, No. 11-cv-2460, 2011 U.S. Dist. LEXIS 71269, 2011 WL 2607158, at *12-13 (N.D. Cal. July 1, 2011)); *see also WhosHere, Inc. v. Orun,* No. 13-cv-00526, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing email service, noting a country's objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10."); *FTC v. PCCare247 Inc.*, No. 12-cv-7189, 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. March 7, 2013) (authorizing service of process via email and Facebook, noting "Numerous courts have held that service by

email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10.").

**B.      Electronic Service of Process is Appropriate in this Case**

In factually similar cases in this District, courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as email service, are appropriate and may be the only means of effecting service of process. *See LKRB Industries, LLC v. Xuzhouaiyaxundianzishangwuyouxiangongsi, et al.,* No. 2:24-cv-1601, ECF No. 11 (W.D. Pa. Nov. 25, 2024); *DDC Technology, LLC v. Shenzhentaifeikejiyouxiangongsi, et al.,* No. 2:24-cv-00006, ECF No. 15 (W.D. Pa. Jan. 5, 2024); *Nifty Aquapaw Brands, LLC v. Joyi Yan*, No. 2:22-cv-01607, ECF No. 13 (W.D. Pa. Nov. 17, 2022); *Home Prods., Inc. v. Ladynana US,* No. 2:22-cv-0994, ECF No. 13 (W.D. Pa. July 13, 2022); *see also Chanel, Inc. v. Zhixian*, No. 10-cv-60585, 2010 U.S. Dist. LEXIS 50745, *11 (S.D. Fla. April 29, 2010) ("[T]he Court is reasonably satisfied that service upon Defendants via e-mail, under the unique facts of this case, is reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); *TracFone Wireless, Inc.,* 278 F.R.D. at 693 ("Under these circumstances, the Court is satisfied that service upon [Defendant] via email is reasonably calculated to apprise [Defendant] of the pendency of this action and afford an opportunity to present objections, satisfying due process."); *In re Int'l Telemedia Associates*, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party.").

As stated above, online marketplace sellers such as Defendants often provide incomplete and/or false names and physical address information to conceal their identity and their location to

avoid liability for their unlawful conduct. Defendants rarely if ever provide accurate physical addresses for service and only run their businesses using email addresses associated with their Seller IDs, these are precisely the circumstances under which Courts should exercise authority to grant alternative methods of service. *Id*. (quoting *Madu, Edozie, & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) ("The decision whether to allow alternative methods of serving process under Rule 4(f) (3) is committed to the sound discretion of the district court.") (internal quotation marks omitted)).

Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods …" because of the injunctive relief sought by Plaintiff. *Strabala v. Zhang,* 318 F.R.D 81, 114 (N.D. Ill. 2016) (citing 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)). As such, this Court may allow Plaintiff to serve Defendants via electronic publication and e-mail.

## III.   CONCLUSION

In conclusion, Plaintiff requests issuance of an Order authorizing Plaintiff to serve Defendants electronically and providing for issuance of a single original summons in the name of "[REDACTED] and all other Defendants identified in the Complaint" that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(f)(3).

Date: February 11, 2026

Respectfully submitted,

*/s/ Keaton Smith*
Keaton Smith IL #6347736
Shengmao (Sam) Mu NY #5707021
Abby Neu IL #6327370
Ryan E. Carreon DE #7305
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (872) 294-3799
Email: ksmith@whitewoodlaw.com

*Counsel for Plaintiff*